UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ISAIAH THOMAS WILLOUGHBY,<br><br>               Plaintiff,<br>    v.<br><br>KYLE SHERWOOD et al.,<br><br>               Defendants. | CASE NO. 2:24-cv-00245-LK<br><br>ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO FILE AN AMENDED COMPLAINT |

      This matter comes before the Court sua sponte. On March 1, 2024, United States Magistrate Judge Brian A. Tsuchida granted pro se Plaintiff Isaiah Thomas Willoughby's application to proceed *in forma pauperis* ("IFP") and his complaint was posted on the docket. Dkt. Nos. 4–5. Summons have not yet been issued. Having reviewed the complaint, the record, and the applicable law, the Court declines to issue summons and, for the reasons set forth below, dismisses Mr. Willoughby's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), with leave to file an amended complaint.

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO FILE AN AMENDED COMPLAINT - 1

## I. BACKGROUND

Mr. Willoughby initiated this action on February 22, 2024 against Defendants Lieutenant Kyle Sherwood, the SeaTac Federal Detention Center, and "Lieutenant Meyers." Dkt. No. 5 at 1. Based on his civil cover sheet, Mr. Willoughby appears to be alleging both *Bivens* and Eighth Amendment claims against Defendants for allegedly placing him in the detention center's Special Housing Unit for 45 days in retaliation for filing lawsuits against them. Dkt. No. 1-2 at 1.[1] However, despite filling out the first page of the complaint form, Mr. Willoughby failed to complete the rest of the complaint form with the required information about his claims against Defendants. *See* Dkt. No. 5 at 1–6.

## II. DISCUSSION

The Court must dismiss a case where the plaintiff is proceeding IFP "at any time" if it determines that the complaint is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). The standard for determining whether a plaintiff has failed to state a claim under Section 1915(e) is the same as the standard applied under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

In this case, Mr. Willoughby's complaint entirely fails to state a claim upon which relief can be granted. As an initial matter, his complaint is completely devoid of any information

---

[1] Mr. Willoughby previously initiated actions against Defendants in February 2021, *Willoughby v. Meyer*, No. 2:21-cv-00213-BJR, Dkt. No. 1 (W.D. Wash. Feb. 20, 2021), and in April 2023, *Willoughby v. Sherwood*, No. 2:23-cv-00573-JHC, Dkt. No. 1 (W.D. Wash. Apr. 14, 2023). Both actions were dismissed. No. 2:21-cv-00213-BJR, Dkt. No. 26; No. 2:23-cv-00573-JHC, Dkt. No. 8.

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO FILE AN AMENDED COMPLAINT - 2

regarding the "who, what, where, when, and why" needed for the Court and Defendants to understand what is being alleged. *See* Fed. R. Civ. P. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint must contain factual content sufficient to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," and Rule 8's pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint must give the defendant fair notice of the claim and the facts on which it rests, and "[f]actual allegations must be enough to raise a right to relief above the speculative level"). Defendants—and the Court—are consequently left to guess what specific acts Defendants are supposed to have committed and how such acts give rise to Mr. Willoughby's alleged claims. His claims on the civil cover sheet are insufficient; in fact, the top of the civil cover sheet explicitly states that it "neither replace[s] nor supplement[s] the filing and service of pleadings or other papers as required by law[.]" Dkt. No. 1-2 at 1.

In sum, Mr. Willoughby may have a viable claim against one or more of the named Defendants, but such claims are not cognizable unless they are properly alleged in a complaint. Accordingly, the Court declines to issue summons in this matter, dismisses Mr. Willoughby's complaint without prejudice, and grants Mr. Willoughby an opportunity to refile a complaint that properly states his *Bivens* and Eighth Amendment claims, as well as any other claim that he may allege against Defendants. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (cleaned up)).

### III.  CONCLUSION

For the foregoing reasons, the Court DISMISSES Mr. Willoughby's complaint without prejudice and with leave to amend. Mr. Willoughby's amended complaint must provide a short and plain statement of the factual basis of each of Mr. Willoughby's claims as required by Federal

Rule of Civil Procedure 8. A timely filed amended complaint operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason, any amended complaint must clearly identify the defendant(s), the claim(s) asserted, the specific facts that Mr. Willoughby believes support each claim, as well as the specific relief requested. If Mr. Willoughby does not file a proper amended complaint by April 11, 2024, this action will be dismissed with prejudice.

Dated this 11th day of March, 2024.

*Lauren King*
Lauren King
United States District Judge