UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ISAIAH THOMAS WILLOUGHBY,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>KYLE SHERWOOD,<br><br>　　　　　　　Defendant. | CASE NO. 2:24-cv-00245-LK<br><br>ORDER DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO FILE A SECOND AMENDED COMPLAINT |

　　　　This matter comes before the Court sua sponte. On March 11, 2024, the Court dismissed Mr. Willoughby's original complaint, Dkt. No. 5, without prejudice and with leave to amend. Dkt. No. 6. On March 26, 2024, Mr. Willoughby filed a timely amended complaint. Dkt. No. 7. Having reviewed the amended complaint, the record, and the applicable law, the Court again declines to issue summons and, for the reasons set forth below, dismisses Mr. Willoughby's amended complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), with leave to file a second amended complaint.

## I. BACKGROUND

Mr. Willoughby was booked into the SeaTac Federal Detention Center ("FDC") on July 14, 2020, Dkt. No. 7 at 13, and initiated this action on February 22, 2024. Dkt. No. 1. In his original complaint, Mr. Willoughby alleged what appeared to be Eighth Amendment claims against Lieutenant Kyle Sherwood, "Lieutenant Meyers," and the FDC. Dkt. No. 5 at 1. On March 11, 2024, the Court dismissed Mr. Willoughby's complaint without prejudice for failure to state a claim on which relief may be granted and with leave to amend. Dkt. No. 6. The Court's order directed Mr. Willoughby to provide in his amended complaint "a short and plain statement of the factual basis of each of [his] claims as required by Federal Rule of Civil Procedure 8" and to "clearly identify the defendant(s), the claim(s) asserted, the specific facts that Mr. Willoughby believes support each claim," and "the specific relief requested." *Id.* at 3–4.

Mr. Willoughby filed a timely amended complaint on March 26, 2024, which now only lists Lieutenant Sherwood as a defendant. Dkt. No. 7. Mr. Willoughby also attached five documents to his complaint: (1) a handwritten document discussing "corporal punishment" and monetary compensation in federal court, *id.* at 7–9; (2) a letter from the Accreditation Association for Ambulatory Health Care, Inc. to Mr. Willoughby acknowledging receipt of his November 18, 2022 complaint, *id.* at 10; (3) an informal resolution form, *id.* at 11; (4) a handwritten letter written by Mr. Willoughby to an unknown recipient describing the "corporal punishment" that he allegedly experienced at the FDC, *id.* at 12–14; and (5) a handwritten document entitled "My Shu Treatment interview," *id.* at 15–19.

Mr. Willoughby's amended complaint invites the Court to review "attached documents" for a "full explanation," but it is not clear to the Court what role these "attached documents" play in Mr. Willoughby's amended complaint. *See id.* at 3, 5. Construing all the documents liberally, Mr. Willoughby appears to allege that he was subjected to "corporal punishment" at the FDC in

"retaliation for [his] civil litigation against staff and [his] political ideas." *Id.* at 3, 7, 11–14. He specifically alleges that he was assigned to a dirty and unsanitary cell where the temperatures were below 68 degrees, subjected to cold showers, and is "currently being deprived of the means of maintaining personal hygiene by not being provided adequate clothing" and having his hygiene products thrown out. *Id.* at 12–14. He alleges that this treatment constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Id.* at 14.

Mr. Willoughby also appears to allege that he was placed in the FDC's special housing unit ("SHU") from January 17, 2023 to March 3, 2023 as punishment "[i]n response to [his] interview documenting violations of Standards of Employee Conduct and being subjected to 8th Amendment cruel and unusual punishment during [his] 5 month custodial sentence." *Id.* at 15. He alleges that Lieutenant Sherwood listened to his phone calls on one occasion and then immediately placed him under a Special Investigative Supervisor ("SIS") investigation. *Id.* It is not entirely clear from the amended complaint, however, whether Lieutenant Sherwood's actions precipitated Mr. Willoughby's placement in the SHU or were conducted while Mr. Willoughby was already placed in the SHU. Mr. Willoughby claims that his placement in the SHU was a "direct violation" of 28 C.F.R. § 551.90 and the Bureau of Prison's ("BOP") Program Statement 1040.04 regarding Non-Discrimination Towards Inmates. *Id.* at 16.[1]

Mr. Willoughby next appears to allege that on January 23, 2023, his cellmate Jerrell R. Wilson "suffered facial lacerations by staff assault conducted by Lt. Sherwood and correctional officer[] S. Black." *Id.* at 17. Mr. Willoughby further alleges that there were correctional officers entering cells with "shields and riot gear." *Id.* Mr. Willoughby contends that this use of force

---

[1] 28 C.F.R. § 551.90 provides that "[BOP] staff shall not discriminate against inmates on the basis of race, religion, national origin, sex, disability, or political belief. This includes the making of administrative decisions and providing access to work, housing and programs." It is not clear to the Court the basis on which Mr. Willoughby is claiming to be discriminated.

ORDER DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO FILE A SECOND AMENDED COMPLAINT - 3

violated the BOP's Program Statement 5566.06 on the Use of Force and Application of Restraints and Program Statement 3420.11 on Standards of Employee Conduct. *Id.* at 17–19.

Mr. Willoughby appears to request as relief compensatory and punitive damages totaling $2.8 million. *Id.* at 5, 8–9.[2]

## II. DISCUSSION

As the Court noted in its previous order dismissing Mr. Willoughby's original complaint, Dkt. No. 6 at 2, the Court must dismiss a case where the plaintiff is proceeding IFP "at any time" if it determines that the complaint is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). The standard for determining whether a plaintiff has failed to state a claim under Section 1915(e) is the same as the standard applied under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

Mr. Willoughby's amended complaint suffers from numerous defects. First, it is not clear to the Court which "attached documents" he is incorporating into his complaint. Mr. Willoughby's complaint needs to *clearly* set forth the "who, what, where, when, and why" necessary for the Court to understand what he is alleging. *See* Fed. R. Civ. P. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint must contain factual content sufficient to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," and Rule 8's pleading

---

[2] On an informal resolution form attached to Mr. Willoughby's amended complaint, Mr. Willoughby requests to be released to residential reentry center ("RRC") placement to serve the remainder of his sentence. *Id.* at 11. However, it is not clear whether this request for relief is directed toward the Court as part of Mr. Willoughby's amended complaint.

ORDER DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO FILE A SECOND AMENDED COMPLAINT - 4

standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint must give the defendant fair notice of the claim and the facts on which it rests, and "[f]actual allegations must be enough to raise a right to relief above the speculative level"). Specifically, it is unclear whether Mr. Willoughby intends the attached documents to assert claims for relief, or instead to function as exhibits. The Court encourages Mr. Willoughby to write out his allegations in the civil complaint form itself, rather than relying on documents attached to the complaint form. However, if Mr. Willoughby elects to instead rely on attached documents, he must clearly and explicitly state which attachments are being referenced and how they form the basis of his complaint. *See Ritchie*, 342 F.3d at 908.

Second, to state a claim for relief against a federal actor, Mr. Willoughby must plausibly allege that the defendant, while acting under color of federal law, deprived him of a right guaranteed by the federal Constitution. *Morgan v. United States*, 323 F.3d 776, 780 (9th Cir. 2003). Such claims are known as "*Bivens* claims," named after the Supreme Court's decision permitting a plaintiff to sue a federal officer in their individual capacity for damages for violating a plaintiff's constitutional rights. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

The United States Supreme Court has recognized a *Bivens* claim in only three instances. First, in *Bivens*, 403 U.S. at 389–90, the Supreme Court recognized an implied private action for damages against federal officers pursuant to the Fourth Amendment's prohibition against unreasonable search and seizure. Second, in *Davis v. Passman*, 442 U.S. 228, 248–49 (1979), the Supreme Court held that the Fifth Amendment Due Process clause provided a damages remedy against a Congressman for gender discrimination. Third, in *Carlson v. Green*, 446 U.S. 14, 19–20 (1980), the Supreme Court held that the Eighth Amendment's Cruel and Unusual Punishments

Clause provided a damages remedy against federal jailers for failure to provide adequate medical treatment. "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017). The Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity," and has "consistently refused to extend *Bivens* to any new context or new category of defendants." *Id.* at 135 (first citing *Iqbal*, 556 U.S. at 675; and then quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001)).

Courts apply a two-step test to determine whether a *Bivens* claim may proceed. First, a court asks whether the *Bivens* claim arises in a "new context"—that is, one that is "different in a meaningful way from previous *Bivens* cases decided by th[e] [Supreme] Court." *Id.* at 139. Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if "special factors indicate that the Judiciary is *at least arguably less equipped than Congress* to weigh the costs and benefits of allowing a damages action to proceed." *Mejia v. Miller*, 61 F.4th 663, 667 (9th Cir. 2023) (quoting *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (emphasis added in *Mejia*)). "These steps will 'often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy.'" *Marquez v. Rodriguez*, 81 F.4th 1027, 1030 (9th Cir. 2023) (quoting *Egbert*, 596 U.S. at 492). If so, then the court may not allow the *Bivens* claim to proceed. *Id.* "In practice, the Supreme Court's stringent test will foreclose relief in all but the most extraordinary cases." *Id.*

Here, Mr. Willoughby fails to properly identify who he claims violated his Eighth Amendment rights. While Mr. Willoughby alleges that he was subjected to "corporal punishment," he appears to allege that a correctional officer named "Ellderidge" or "Elederidge"—and not Lieutenant Sherwood—was responsible for the alleged constitutional violations. *See* Dkt. No. 7 at 12 (complaining of "staff misconduct by correctional officer Elederidge"), 13 ("On December 3rd

ORDER DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO FILE A SECOND AMENDED COMPLAINT - 6

2022 . . . my cell was searched by Ellderidge where he intentionally trashed my locker and threw out all my hygiene products."). Mr. Willoughby did not name any correctional officers other than Lieutenant Sherwood as a defendant in his amended complaint. The only allegation that Mr. Willoughby explicitly makes against Lieutenant Sherwood is that he listened in on Mr. Willoughby's phone calls and subsequently placed him under SIS investigation. *Id.* at 15. It is unclear from these facts how Lieutenant Sherwood is connected to any Eighth Amendment claim.

Mr. Willoughby also fails to identify what rights were violated by Lieutenant Sherwood, and he does not identify how any alleged violation of his rights fits within the *Bivens* framework described above. This level of pleading does not pass muster under Federal Rule of Civil Procedure 8. *See Iqbal*, 556 U.S. at 678. To the extent that Mr. Willoughby is alleging a First Amendment retaliation claim against Lieutenant Sherwood, the Supreme Court explicitly disavowed any *Bivens* claims based on First Amendment retaliation in *Egbert*. 596 U.S. at 498–99. To the extent that Mr. Willoughby is alleging an Eighth Amendment claim, the Court notes that the Ninth Circuit has provided guidance regarding the narrow range of Eighth Amendment claims that may be permissible under *Bivens*. *See, e.g.*, *Chambers v. Herrera*, 78 F.4th 1100, 1105–09 (9th Cir. 2023); *Hunt v. Matevousian*, No. 18-17464, 2023 WL 8064536, at *1 (9th Cir. Nov. 21, 2023); *Stanard v. Dy*, 88 F.4th 811, 816–18 (9th Cir. 2023).

Finally, Mr. Willoughby does not have standing to bring a claim on behalf of his cellmate Mr. Wilson for any excessive or unauthorized use of force used by Lieutenant Sherwood or any other correctional officer against Mr. Wilson. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) ("For there to be a case or controversy under Article III, the plaintiff must have a personal stake in the case—in other words, standing." (cleaned up)); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) ("The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial

decision."). Although a non-attorney may appear *pro se* on behalf of himself, he has no authority to appear as an attorney for others. *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). Mr. Willoughby therefore cannot represent Mr. Wilson.

For these reasons, the Court again declines to issue summons in this matter, dismisses Mr. Willoughby's amended complaint without prejudice, and grants Mr. Willoughby another opportunity to file a complaint that properly states his constitutional claims against Lieutenant Sherwood or any other defendant. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (cleaned up)).

### III.  CONCLUSION

For the foregoing reasons, the Court DISMISSES Mr. Willoughby's amended complaint, Dkt. No. 7, without prejudice and with leave to amend. As a reminder, any future amended complaint must provide a short and plain statement of the factual basis of each of Mr. Willoughby's claims as required by Federal Rule of Civil Procedure 8. While Mr. Willoughby may attach documents to his complaint, his complaint itself must be one coherent document that clearly and explicitly states which (if any) attachments are being referenced and how they form the basis of his complaint. *See Ritchie*, 342 F.3d at 908.

A timely filed amended complaint operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason, any amended complaint must clearly identify the defendant(s), the claim(s) asserted, and the specific facts that Mr. Willoughby believes support each claim, as well as the specific relief requested.

If Mr. Willoughby does not file a second amended complaint by July 12, 2024, this action will be dismissed with prejudice.

Dated this 12th day of June, 2024.

*Lauren King*

Lauren King
United States District Judge

ORDER DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO FILE A SECOND AMENDED COMPLAINT - 9